**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

CMF VIRGINIA LAND, L.P.,
<u>Plaintiff-Appellee,</u>

v.

FEDERAL DEPOSIT INSURANCE
CORPORATION,
<u>Defendant-Appellant,</u>

No. 95-2859

and

PIONEER FEDERAL SAVINGS BANK;
PIONEER FINANCIAL CORPORATION;
PIONEER PROPERTIES, III,
INCORPORATED,
<u>Defendants.</u>

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
James R. Spencer, District Judge.
(CA-93-580)

Argued: July 8, 1996

Decided: August 7, 1996

Before WILKINS, LUTTIG, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** James Strother Crockett, Jr., MAYS & VALENTINE,
Richmond, Virginia, for Appellant. Philip John Harvey, SHAW,

PITTMAN, POTTS & TROWBRIDGE, Alexandria, Virginia, for Appellee. **ON BRIEF:** Sharon N. Horner, MCEACHIN & GEE, Richmond, Virginia, for Appellant. Thomas W. Mitchell, SHAW, PITTMAN, POTTS & TROWBRIDGE, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Resolution Trust Corporation (RTC) appeals the denial by the district court of its motion for an award of expenses incurred in connection with its defense of an action for breach of contract brought by CMF Virginia Land, L.P. (CMF)--expenses to which RTC claims entitlement under the terms of the contract. Because we agree with the district court that the plain language of the contract provides that only a successful plaintiff is entitled to reimbursement of expenses, we affirm.

I.

CMF and RTC entered into a contract in 1992 (the Purchase Agreement) in which CMF agreed to purchase several loans held by RTC in its capacity as receiver for a failed bank. Prior to closing, RTC informed CMF that two of the loans had been settled; RTC then credited CMF for the value of the loans in accordance with RTC's interpretation of the Purchase Agreement. CMF disputed the sufficiency of this credit and filed an action against RTC, alleging breach of contract. The district court ruled in favor of RTC, and this court affirmed. See CMF Va. Land, L.P. v. Pioneer Fed. Sav. Bank, No. 94-1941, 1995 WL 361276 (4th Cir. June 16, 1995) (per curiam).

Following its successful defense against CMF's claim, RTC filed a motion in the district court seeking reimbursement of expenses

2

incurred in defending the suit, including attorneys' fees, arguing that it was entitled to such expenses under the terms of the Purchase Agreement. CMF disagreed, maintaining that this contract provided that only a successful plaintiff was entitled to an award of attorneys' fees, and therefore that RTC was not eligible for reimbursement of its expenses.

The district court reasoned that the section of the Purchase Agreement relied upon by RTC "clearly provides for an award of expenses only to a purchaser who brings a successful action." J.A. 114. It further held that even if the Purchase Agreement were ambiguous, it should be interpreted against the drafter, RTC. The court therefore denied RTC's motion except to the extent that RTC was entitled to taxable costs normally awarded to a prevailing party. RTC now appeals.

II.

We review de novo the interpretation of a contract by a district court. See Nehi Bottling Co. v. All-American Bottling Corp., 8 F.3d 157, 162 (4th Cir. 1993). And, "`[w]hen interpreting contracts, courts are compelled to give effect to the intent of the parties, which is measured first and foremost by the language of the contract itself.'" United States v. Royal Ins. Co. of Am., 76 F.3d 574, 576 (4th Cir. 1996) (quoting Valtrol, Inc. v. General Connectors Corp., 884 F.2d 149, 152 (4th Cir. 1989)). Accordingly, we begin our analysis with an examination of the language of the Purchase Agreement.

The parties dispute the meaning of § 13.2 of the Purchase Agreement. Entitled "Seller's Default," this provision lists the remedies available to CMF in the event of default by RTC, as well as the procedures CMF must follow in order to obtain those remedies. Significantly, it is undisputed that only CMF has a right of action under this section. With regard to claims brought pursuant to this provision, § 13.2 further states that "[t]he successful party shall be reimbursed for all expenses, including reasonable attorneys' fees, incurred in connection with any successful action brought under[§ 13.2]." J.A. 814. RTC claims that the term "successful party" refers to the victorious party in a dispute brought under § 13.2, and, as a successful defen-

dant, it is entitled to reimbursement for attorneys' fees incurred in defending against CMF's prior action.

While fully aware of the apparent equities involved, we are compelled to disagree. Although viewed in isolation the term "successful party" would seem to apply to either a plaintiff or defendant, the phrase cannot be separated from the remainder of the clause, which clearly limits the right of reimbursement to those expenses "incurred in connection with any <u>successful action brought under [§ 13.2]</u>." <u>Id.</u> Because CMF is the only party entitled to bring an action under § 13.2, only it could incur expenses in connection with a successful action brought pursuant to that section. RTC could, of course, successfully defend against any such action, as it did in the prior proceeding. The action itself, however, would not have been "brought" by RTC, nor would it have been "successful." Therefore, we agree with the district court that § 13.2 plainly does not provide for the award of expenses to a victorious defendant.

III.

We hold that the plain language of § 13.2 of the Purchase Agreement provides that only a successful plaintiff is entitled to reimbursement of attorneys' fees incurred in connection with actions brought pursuant to that section. Accordingly, we affirm the denial by the district court of RTC's motion for an award of expenses.*

<u>AFFIRMED</u>

_____

*Because we agree that the plain language of the contract controls, we do not address the alternative holding of the district court that the contract should be construed against its drafter.

4